IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JIMMIE A. WHEELER,              )
                                )
        Plaintiff,               )
                                )
                                )      CIV-15-198-F
v.                              )
                                )
FORREST PERRY, et al.,          )
                                )
        Defendants.              )

REPORT AND RECOMMENDATION

This action filed by Plaintiff, a pretrial detainee appearing *pro se* and *in forma pauperis*, seeks damages from Defendants pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

Before the Court is the Motion to Dismiss by Defendant Norman Police Department (Doc. # 16), to which Plaintiff has responded (Doc. # 24). In this Motion, Defendant Norman Police Department seeks to be dismissed from the action pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that it is not a suable entity under 42 U.S.C. § 1983. Plaintiff has responded in opposition to Defendant's motion.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone

1

is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). To survive a Rule 12(b)(6) motion, the plaintiff must allege sufficient facts to make his or her "claim for relief . . . plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). While "[t]echnical fact pleading is not required . . . the complaint must still provide enough factual allegations for a court to infer potential victory." Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008). If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 570).

Under this standard, the plaintiff's well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). The allegations in Plaintiff's Complaint must therefore "be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief [against Defendant Norman Police Department]." Robbins, 519 F.3d at 1247.

In this circuit, the law is clearly established that a police department, like the Norman Police Department, is not a suable entity under 42 U.S.C. § 1983. See, e.g., Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(municipal police department "is not a separate suable entity"), vacated on other grounds by Tyus v. Martinez, 475 U.S. 1138 (1986); Hinton v. Dennis, 362 Fed. App'x. 904, 907 (10th Cir. 2010)(unpublished op.)("Generally,

governmental sub-units are not separate suable entities that may be sued under § 1983."); Ketchum v. Albuquerque Police Dep't, 1992 WL 51481, *2 (10th Cir. 1992)(unpublished op.)(police departments are not suable entities under section 1983 because they lack legal identities apart from municipality).

Accordingly, Defendant Norman Police Department's Motion to Dismiss (Doc. # 16) should be GRANTED, and Defendant Norman Police Department should be DISMISSED from this action with prejudice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant Norman Police Department's Motion to Dismiss (Doc. # 16) be GRANTED and that Plaintiff's cause of action against Defendant Norman Police Department be DISMISSED with prejudice. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by _____ June 25th , 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this  5th  day of    June   , 2015.

                                    GARY M. PURCELL
                                    UNITED STATES MAGISTRATE JUDGE