IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| JIMMIE A. WHEELER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIV-15-198-F |
| FORREST PERRY, CITY OF NORMAN, OKLAHOMA, | ) ) ) ) | |
| Defendants. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Defendant City of Norman, Oklahoma ("City of Norman"), has moved to dismiss the cause of action against it for failure to state a claim upon which relief may be granted. Defendant Perry has moved for summary judgment based on qualified immunity.[1] Plaintiff has responded to the motions. Defendant Perry replied to the response to his Motion, and Plaintiff has filed a sur-reply. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that Defendant City of Norman's Motion to Dismiss and Defendant Perry's Motion for Summary Judgment be granted.

---

[1] The other named Defendant, City of Norman Police Department, was previously dismissed from the action.

1

I. Plaintiff's Complaint

In his Complaint filed February 26, 2015, Plaintiff alleges that Defendant Perry, a police officer for the City of Norman, Oklahoma, while attempting to arrest Plaintiff, used deadly and excessive force when he shot Plaintiff in the back. Plaintiff alleges that at the time of the shooting he was unarmed, posed no threat to the officer, and was not being aggressive, yet Defendant Perry discharged his weapon four times, hitting Plaintiff once in the back.

Plaintiff is being detained in the Cleveland County Detention Center on a felony charge of possession of a firearm after former felony conviction and a misdemeanor charge of attempting to elude an officer.[2] Plaintiff also alleges that he is African-American and that his equal protection rights were violated by the excessive force used by Defendant Perry. At Plaintiff's request (Doc. # 21), Plaintiff's Complaint was deemed amended to add the City of Norman as a Defendant. Plaintiff seeks 2.5 million dollars in compensatory damages and 2.5 million dollars in punitive damages for the alleged constitutional deprivations.

II. Standard of Review - Motion to Dismiss

A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). All well-pleaded facts, as distinguished from conclusory allegations, are accepted as true, and those facts are viewed

---

[2] Publicly-available records of the District Court of Oklahoma County, Oklahoma, reflect that Plaintiff also has ten pending felony charges filed in that court, including a charge of possession of controlled dangerous substance with intent to distribute and possession of proceeds in Case No. CF-2013-6738, and four charges of robbery with a firearm and four charges of possession of a firearm after felony conviction in Case No. CF-2014-6044, Case No. CF-2014-6045, Case No. CF-2014-6046, and Case No. CF-2014-6047. http://www.oscn.net (docket sheets in each case last accessed August 12, 2015).

2

in the light most favorable to the non-moving party. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). To survive a motion to dismiss, a complaint must present factual allegations that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). This review contemplates the assertion of "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). See Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997)(courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf"); Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted).

Additionally, because Plaintiff seeks relief against a governmental entity or officer or employee of a government entity and he is proceeding *in forma pauperis*, the Court has a duty to screen the Complaint. See 28 U.S.C. §§ 1915A(a), 1915(e)(2). In this initial review, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim

upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

To survive this review, Plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the Court must assume the truth of all well-pleaded factual allegations in the Complaint and construe them in the light most favorable to Plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

III. Standard of Review - Summary Judgment and Qualified Immunity

Summary judgment may be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, a court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Burke v. Utah Transit Auth. & Local, 462 F.3d 1253, 1258 (10th Cir. 2006)(quotation omitted). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id.

"At the summary judgment stage, a complainant cannot rest on mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." Burke, 462 U.S. at 1258 (internal

quotation marks and citations omitted).[3] "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quotations omitted).

Defendant Perry has asserted the defense of qualified immunity in his Motion for Summary Judgment. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Reichle v. Howards, __ U.S. __, 132 S.Ct. 2088, 2093 (2012)(citing Ashcroft v. al-Kidd, __ U.S. __. 131 S.Ct. 2074, 2080 (2011)). When a defendant asserts qualified immunity at summary judgment, a court must follow a two-step sequence for resolving the qualified immunity claim. "First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), ©) or shown (see Rules 50, 56) make out a violation of a constitutional right." Pearson v. Callahan, 555 U.S. 223, 232 (2009). "Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was clearly established at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." Id. (quotation marks omitted). Courts have discretion to determine "which of the two prongs of the qualified immunity analysis should be addressed

---

[3]In a prisoner civil rights case such as this one, the plaintiff's complaint is treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).

first in light of the circumstances in the particular case at hand." Id. at 236.

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Morris v. Noe, 672 F.3d 1185, 1196 (10th Cir. 2012)(quotation omitted).

IV. Municipal Liability

In Defendant City of Norman's Motion to Dismiss, Defendant City of Norman has moved to dismiss the Plaintiff's cause of action against it on the basis that Plaintiff has failed to state a viable claim for relief against Defendant City of Norman. For a municipality to be liable under § 1983 for the acts of its employees, a plaintiff must prove: "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." Becker v. Bateman, 709 F.3d 1019, 1025 (10th Cir. 2013)(internal quotation marks omitted).

Plaintiff has not alleged in his Complaint the existence of any municipal policy or custom that caused the alleged constitutional deprivations. In his responsive pleading, Plaintiff asserts that Defendant City of Norman is liable to him under § 1983 because it effectively condoned Defendant Perry's use of excessive force by failing to terminate his employment or charge him with a criminal offense. But a municipality cannot be held liable

under § 1983 "solely because it employs a tortfeasor." Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997).

Plaintiff does not contend that Defendant City of Norman directly caused Plaintiff's alleged injuries as a result of "the decision of its duly constituted legislative body or those officials whose acts may fairly be said to be those of the municipality." Id. Rather, Plaintiff's allegations are founded solely on the existence of a custom that has not been formally approved by an appropriate decisionmaker. Section 1983 liability for such a custom must be founded upon a "practice [that] is so widespread as to have the force of law." Id. at 404. Plaintiff has not alleged that any municipal decisionmaker authorized Defendant Perry's alleged use of excessive force, that there is a widespread practice of using excessive force in the City of Norman, Oklahoma, or that there existed any other "direct causal link between the municipal action and the deprivation of federal rights." Id.

Nor has Plaintiff alleged the requisite state of mind necessary for municipal liability under § 1983. See City of Canton v. Harris, 489 U.S. 378, 389 (1989)(holding a municipality can be liable under § 1983 only where its policy or custom "evidenced 'deliberate indifference' to the impermissible conduct." Kramer v. Wasatch County Sheriff's Office, 743 F.3d 726, 759 (2014)(quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989)). Therefore, Defendant City of Norman's Motion to Dismiss should be granted for failure to state a claim upon which relief may be granted.

V. Excessive Force

Plaintiff has alleged that Defendant Perry is liable to Plaintiff as a result of Defendant

7

Perry's use of deadly and excessive force while arresting Plaintiff. "Excessive force claims are evaluated using the Fourth Amendment's standard of objective reasonableness, which is judged from the perspective of a reasonable officer on the scene." King v. Hill, __ Fed. App'x. ___, 2015 WL 3875551, *4 (10th Cir. 2015)(unpublished op.)(citing Graham v. Connor, 490 U.S. 386, 396-97 (1989)). "Because police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation, the reasonableness of the officer's belief as to the appropriate level of force should be judged from that on-scene perspective." Saucier, 533 U.S. at 205 (quotation marks and citation omitted).

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397.

"The use of deadly force is justified under the Fourth Amendment if a reasonable officer in the Defendant's position would have had probable cause to believe that there was a threat of serious physical harm to themselves or to others."[4] Phillips v. James, 422 F.3d

---

[4]It is clear that Defendant Perry, who does not deny shooting Plaintiff in the back, used deadly force. Deadly force is "force that the actor uses with the purpose of causing or that he knows to create a substantial risk of causing death or serious bodily harm," including "[p]urposefully firing a firearm in the direction of another person ." Jiron v. City of Lakewood, 392 F.3d 410, 415 n. 2 (10th Cir.2004) (internal quotation marks omitted).

1075, 1080 (10th Cir. 2005). "The totality of the circumstances should be considered when evaluating an excessive force claim. . . . In evaluating the totality of the circumstances, [courts] examine three factors: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight." King, 2015 WL 3875551, at *4 (citing, *e.g.*, Graham, 490 U.S. at 396).

"The officers are not required to be correct in their assessment of the danger presented by the situation; it is only required that their assessment be objectively reasonable." Id. See Saucier, 533 U.S. at 205 ("If the officer's mistake as to [whether a particular amount of force is legal] is reasonable . . . the officer is entitled to the immunity defense.").

VI. Material, Uncontroverted Facts

Considering the allegations in the verified Complaint, Defendant Perry's statement of material, uncontroverted facts set forth in his Motion for Summary Judgment, and the evidentiary documents presented by Defendant Perry with his Motion and Reply, the following facts, as viewed in the light most favorable to Plaintiff, the non-moving party, are uncontroverted for the purpose of resolving Defendant Perry's Motion:

1. On August 9, 2014, Isaac Wright called 9-1-1 to report that the person law enforcement officers were looking for on August 8, 2014, was at 2501 168th Avenue Northeast in Norman, Oklahoma. Mr. Wright advised the dispatcher that the person was a suspect in an armed robbery. Defendant Perry's Statement of Facts ("SOF").

2. Officer Perry was dispatched to respond to the call. Prior to his arrival, Officer Perry

called Mr. Wright and inquired further about the call. Mr. Wright informed Officer Perry that the person believed to be at the address was a suspect in an armed robbery. After speaking with Mr. Wright, Officer Perry requested additional law enforcement assistance. Defendant Perry's SOF.

3. As Officer Perry approached the address given by Mr. Wright in his patrol car, he saw a vehicle that matched the description of the suspect's vehicle provided by Mr. Wright. Officer Perry drove by the address and waited a short distance away for additional police assistance. Defendant Perry's SOF.

4. Before the additional law enforcement officers arrived, Officer Perry observed Plaintiff leave the residence, get into the vehicle, and drive south on 168th Avenue Northeast and then east on Rock Creek Road. Defendant Perry's SOF.

5. Officer Perry followed Plaintiff's vehicle in his patrol car. Defendant Perry's SOF.

6. When Plaintiff noticed Officer Perry, he attempted to flee. Officer Perry activated his emergency lights and siren. During the pursuit, Plaintiff's vehicle reached speeds in excess of eighty miles per hour. Defendant Perry's SOF.

7. Approximately two miles after the pursuit began, Plaintiff failed to negotiate a turn at 192nd Avenue Northeast and Rock Creek Road. He crashed his vehicle into some trees several hundred feet off of the roadway. Defendant Perry's SOF.

8. Officer Perry positioned his patrol car approximately 100 feet west of Plaintiff's vehicle. Defendant Perry's SOF.

9. Officer Perry gave Plaintiff numerous commands. Plaintiff did not immediately comply

with Officer Perry's commands. Defendant Perry's SOF.

10. Norman Police Officer Worthley arrived at the scene shortly after the pursuit ended. He also gave Plaintiff numerous commands. Defendant Perry's SOF.

11. Shortly after Officer Worthley's arrival, Plaintiff exited his vehicle with his hands in the air. However, Plaintiff did not immediately comply with the officers' commands. Defendant Perry's SOF. Plaintiff then turned his back to the officers in compliance with the officers' orders to do so. Plaintiff's Complaint.

12. Officer Perry fired four shots from his police weapon, and Plaintiff sustained one gunshot wound in his back. Plaintiff fell to the ground. While on the ground, Plaintiff held up his hands. When Plaintiff held up his hands, Officer Perry stopped shooting. Defendant Perry's SOF.

13. Plaintiff was then taken into custody. Defendant Perry's SOF.

14. Plaintiff was not armed when he was shot. A gun and ammunition were subsequently found in the vehicle Plaintiff was driving. Defendant Perry's SOF.

VII. <u>Analysis - Excessive Force</u>

It was clearly established at the time that Defendant Perry shot Plaintiff in the back that it is unreasonable for an officer to use deadly force unless the officer had probable cause to believe that there was a threat of serious physical harm to himself or to others. To overcome Defendant Perry's assertion of the qualified immunity defense, Plaintiff must show that the use of deadly force in this case violated this clearly established constitutional right.

First, the Court must determine the material, uncontroverted facts. Besides those

11

uncontroverted facts previously determined, Defendant Perry asserts as a statement of uncontroverted fact that he "[b]eliev[ed] that Plaintiff was reaching for a weapon" at the time he shot the Plaintiff. Defendant Perry's Motion and Brief in Support, at 4. But this subjective belief is not a fact. Nor is it relevant to the constitutional inquiry into the objective reasonableness of Officer Perry's actions. Therefore, it is not considered an uncontroverted fact for the purpose of resolving Defendant Perry's Motion.

Defendant Perry also asserts as a statement of uncontroverted fact that "[s]hortly after getting out of his vehicle, Plaintiff attempted to return to his vehicle while reaching into his pocket." This statement is disputed by Plaintiff in his responsive pleading. In Plaintiff's responsive pleading, Plaintiff asserts that Defendant Perry ordered him to exit the vehicle and then ordered Plaintiff to turn around and present his back to Defendant Perry. Plaintiff next asserts that his "hands were in the air from the moment [he] got out of the vehicle [and] when the Plaintiff presented his back to Officer Perry [in response to Officer Perry's command to turn around] the defendant fired four (4) shots at the back of the plaintiff (no other officer on scene fired a single shot) hitting the plaintiff one (1) time in the back." Plaintiff's Response, at 26. Plaintiff also points to alleged inconsistencies in Defendant Perry's statements, although these alleged inconsistencies are not relevant to the excessive force issue before the Court.

In determining whether a plaintiff's constitutional rights were violated the Court should ordinarily adopt the plaintiff's version of the facts, insofar as it is supported by the record. See Scott, 550 U.S. at 380. However, Plaintiff's responsive pleading is not verified

or supported by a proper affidavit, and the statements in this pleading are not considered as evidence for the purpose of resolving Defendant Perry's Motion.

Also, the record in this case does not support Plaintiff's version of the circumstances confronting the officers at the time Plaintiff was shot. In an excessive force case involving a car chase in which police employed a maneuver which caused a fleeing driver to lose control of his vehicle and crash the car, seriously injuring a passenger, the Supreme Court recognized that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

In this case, concerning the severity of the crime, it is uncontroverted that the 911 caller alerted Defendant Perry that Plaintiff was a suspect in an armed robbery and that he was present at a nearby residence. Thus, Plaintiff was a suspect in a violent crime involving a weapon. At the time of the shooting, Defendant Perry and the other responding officers had probable cause to arrest Plaintiff for the misdemeanor offense of eluding an officer.

Concerning whether Plaintiff was actively resisting arrest, it is uncontroverted that when Defendant Perry began following Plaintiff in his patrol car Plaintiff attempted to elude the officer by fleeing at a high rate of speed until he wrecked his vehicle by crashing it into some trees on the side of a road.

Concerning whether Plaintiff was actively resisting arrest and whether he posed an immediate threat to the safety of the officers or others, Defendant Perry relies on an audio

recording, submitted on a CD-Rom to the Court with Defendant Perry's Motion, of an interview of Defendant Perry on August 14, 2014, and an interview of Norman Police Officer Worthley on August 14, 2014, both conducted at the Norman Police Department. Defendant Perry has also submitted as evidence in support of the Motion the recording of a custodial interview with Plaintiff conducted by Norman police officers on August 11, 2014.

Defendant Perry has authenticated the recorded interviews through an affidavit completed by Mr. Tom Easley, a captain for the Norman Police Department.[5] Mr. Easley avers that the recordings are true and correct copies of the above-described interviews and that the recorded interviews were gathered during the investigation of the August 9, 2014 shooting that involved Defendant Perry and Plaintiff. Defendant Perry's Motion and Brief, Ex. 2. Plaintiff has not objected to this evidence.[6]

In this recorded interview with police, Plaintiff admitted that he did not comply with the officers' commands to exit his vehicle for five to ten minutes. It is uncontroverted that Plaintiff continued to refuse to comply with the officers' commands after he exited the

---

[5]To authenticate evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

[6]Federal Rule of Evidence 803(8) excepts certain public records from the general rule that hearsay is inadmissible. Rule 803(8) states that the following is not excluded by the hearsay rule: "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or © in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8). The interviews collected during the police department's investigation appear to fall under Rule 803(8).

14

vehicle. Thus, Plaintiff was actively resisting arrest.

Finally, concerning the issue of whether Plaintiff posed an immediate threat to the responding officers, Plaintiff stated in his recorded interview with police that when he did finally comply with the officers' commands and got out of the vehicle with his hands in the air the officers directed him to get rid of the object he was carrying, which he said was an e-cigarette. Plaintiff stated he turned his back to the officers to place or throw the e-cigarette on the hood of his car and that after he took this action he lowered his hands while starting to turn around to face the officers and that is the instant when he was shot. The evidence in the record includes an x-ray of the Plaintiff's bullet wound showing that a metal fragment was located in his mid-back area and another metal fragment was located in the outer deltoid muscle of his left arm, indicating his left arm was not in the air at the time of the shooting.

Although Plaintiff asserts that his arms were in the air when he was shot, the record of his interview with police and the x-ray of his bullet wound are not consistent with this assertion. Moreover, Plaintiff has not submitted admissible evidence to support his assertion. See Fed. R. Civ. P. 56(e)("Supporting and opposing affidavits shall ... set forth such facts as would be admissible in evidence."). See also Truck Ins. Exch. v. MagneTek, Inc., 360 F.3d 1206, 1216 (10th Cir.2004)(affirming summary judgment, in light of the available evidence, because "[j]ury verdicts may not be based on speculation or inadmissible evidence or be contrary to uncontested admissible evidence").

A reasonable officer in the position of Defendant Perry, and considering the "tense, uncertain, and rapidly evolving" circumstances present when an individual resists arrest by

fleeing officers and failing to comply with the officers' commands, could perceive that Plaintiff either had a weapon in his hand or had access to a weapon in a pocket. Viewing the uncontroverted facts and available evidence in the record before the Court in the light most favorable to the Plaintiff, Defendant Perry is entitled to summary judgment on the basis of qualified immunity with respect to Plaintiff's excessive force claim.

VIII. Equal Protection

Regarding Plaintiff's equal protection claim, Plaintiff alleges only that he is an African-American and that his equal protection rights were violated. The Equal Protection Clause does not forbid differential treatment per se; rather, "[i]t simply keeps governmental decision makers from treating differently persons *who are in all relevant respects alike.*" Taylor v. Roswell Ind. Sch. Dist., 713 F.3d 25, 53-54 (10th Cir. 2013)(internal quotation marks omitted). "Proof of racially discriminatory intent or purpose is required to demonstrate a race-based violation of the Equal Protection Clause ." Villanueva v. Carere, 85 F.3d 481, 485 (10th Cir. 1996). "The discriminatory purpose need not be the only purpose, but it must be a 'motivating factor in the decision.'" Id. (quoting Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 265-266 (1977)).

Plaintiff has not alleged that he was treated differently than other similarly situated criminal suspects. See Taylor v. Roswell Ind. Sch. Dist., 713 F.3d 25, 53 (10th Cir. 2013)("To prevail on an equal protection claim, a plaintiff must show that she was treated differently from others who were similarly situated."). Plaintiff does not allege that there are other persons who were in all relevant aspects like him and who were treated differently by

16

Defendant Perry. Thus, Plaintiff's equal protection should be dismissed under 28 U.S.C. §§1915A(b) and 1915(e)(2)(B) for failure to state a plausible claim upon which relief may be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant City of Norman, Oklahoma's Motion to Dismiss (Doc. # 29) be GRANTED and that Defendant City of Norman, Oklahoma be DISMISSED from the action pursuant to Fed. R. Civ. P. 12(b)(6). It is further recommended that Defendant Perry's Motion for Summary Judgment (Doc. # 37) be GRANTED and that judgment issue in favor of Defendant Perry and against the Plaintiff. Finally, it is recommended that Plaintiff's claim under the Equal Protection Clause be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by  September 10th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not

specifically addressed herein is denied.

ENTERED this   21st   day of    August   , 2015.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE