## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMIE A. WHEELER, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Case No. CIV-15-198-F ) |
| FORREST PERRY, et al., | ) ) |
| Defendants. | ) |

## ORDER

On August 21, 2015, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation, wherein he recommended that the motion to dismiss of defendant, City of Norman, and the motion for summary judgment of defendant, Forrest Perry, be granted. Magistrate Judge Purcell also recommended that plaintiff's equal protection claim be dismissed under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a plausible claim upon which relief may be granted.

Presently before the court is the timely objection of plaintiff, Jimmie A. Wheeler, to the Supplemental Report and Recommendation. Plaintiff has objected to the Supplemental Report and Recommendation to the extent it recommends the granting of the motion to dismiss and the motion for summary judgment. Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of those matters.

As to Magistrate Judge Purcell's recommendation with respect to defendant, City of Norman's motion to dismiss, the court concurs with the recommendation and accepts, adopts and affirms the recommended ruling. The court specifically rejects plaintiff's objection with respect to the recommendation. Plaintiff has not alleged the existence of any municipal policy or custom that caused the alleged constitutional deprivation. And as explained by Magistrate Judge Purcell, a municipality cannot be held liable under § 1983 "solely because it employs a tortfeasor." <u>Bd. of County</u>

Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997). That defendant, City of Norman, did not take disciplinary action against defendant, Forrest Perry, is not sufficient to establish that the municipality knew of and approved the alleged illegal character of the officer's actions or that "it accorded with municipal policy." Allen v. City of Galvenston, TX, 2008 WL 905905 *8 (S.D. TX Mar. 31, 2008) (quotation omitted); *see also*, Salvato v. Miley, 790 F.3d 1286, 1296 (11th Cir. 2015) (failure to conduct investigation after shooting not sufficient to establish that local government policymaker ratified officer's actions). Furthermore, as explained by Magistrate Judge Purcell, plaintiff has not alleged the requisite state of mind necessary for municipal liability under § 1983.

Next, in regard to Magistrate Judge Purcell's recommendation with respect to defendant, Forrest Perry's motion for summary judgment, the court again concurs with the recommendation and accepts, adopts and affirms the recommended ruling. The court agrees that plaintiff has failed to establish the use of deadly force in this case violated his constitutional rights under the Fourth Amendment, and thus, defendant, Forrest Perry, is entitled to qualified immunity. The use of deadly force is justified under the Fourth Amendment if a reasonable officer in defendant, Forrest Perry's position would have had probable cause to believe that there was a threat of serious physical harm to himself or others. Phillips v. James, 422 F.3d 1075, 1083 (10th Cir. 2005). The totality of the circumstances are to be considered by the court when evaluating an excessive force claim. *Id*. The court agrees with Magistrate Judge Purcell's evaluation of the two relevant factors regarding the severity of the crime at issue and whether plaintiff was actively resisting arrest or attempting to evade arrest by flight. The court also concurs with Magistrate Judge Purcell's finding, with respect to the third relevant factor of whether plaintiff posed an immediate threat to the safety of officers or others, that based upon the evidence in the record, a reasonable officer could perceive that plaintiff either had a weapon in his hand or had access to a weapon

in his pocket at the time of the shooting. Although plaintiff asserts in his papers before Magistrate Judge Purcell and in his objection to this court that his hands were in the air at the time of the shooting, plaintiff has presented no evidence by affidavit or otherwise to support that assertion. Plaintiff's recorded interview after the incident indicates otherwise.

With respect to Magistrate Judge Purcell's recommendation for dismissal of the equal protection claim under 28 U.S.C. §§ 1915A(b) and 1915A(b), plaintiff has not asserted any objection to the recommended ruling. With no objection to the recommended ruling, the court accepts, adopts and affirms the recommended ruling.

Accordingly, the Supplemental Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell on August 21, 2015 (doc. no. 46) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**.

Defendant City of Norman's Motion to Dismiss, filed June 9, 2015 (doc. no. 29), is **GRANTED**. Plaintiff's 42 U.S.C. § 1983 action against defendant, City of Norman, is **DISMISSED** pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Defendant, Forrest Perry's Motion for Summary Judgment, filed June 22, 2015 (doc. no. 37) is **GRANTED**. Defendant, Forrest Perry, is entitled to summary judgment under Rule 56(a), Fed. R. Civ. P., based upon the qualified immunity defense.

Plaintiff's claim under the Equal Protection Clause is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

DATED September 24, 2015.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

15-0198p002.wpd